UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 09-105S |
| | : | |
| RONNIE NELSON | : | |

**MEMORANDUM AND ORDER**

On July 8, 2009, Defendant initially appeared before the Court in this case for a preliminary supervised release revocation hearing.  Based on a Financial Affidavit signed by him under penalty of perjury, I found Defendant to be financially eligible for court-appointed counsel, and he was provided court-appointed counsel, Assistant Federal Defender Olin Thompson, from that date and continuing to the present.  However, for the reasons discussed below, I must revisit the issue of whether Defendant presently has enough cash on hand to pay for the cost of his defense.

**Discussion**

The Sixth Amendment of the United States Constitution provides a criminal defendant with the right to "assistance of counsel for his defense."  Rule 5(d)(1)(B), Fed. R. Crim. P., requires that, at a defendant's initial court appearance on a felony charge, the court inform the defendant of his "right to retain counsel or to request that counsel be appointed if the defendant cannot obtain counsel."  Each District Court must have "a plan for furnishing representation for any person [charged with a felony] financially unable to obtain adequate representation."  18 U.S.C. § 3006A(a).  Local Rule CR 44(a) provides that, if the Court determines that the defendant is financially unable to retain private counsel, it shall appoint the Federal Defender or an attorney on the Court's Criminal Justice Act Panel (a "CJA Attorney") to represent the defendant at no cost.

However, if the Court later determines that a defendant has assets from which to pay attorneys' fees, it may, "at any time," order the defendant to pay all or any portion of any attorneys' fees incurred. Local Rule CR 44(a)(3); 18 U.S.C. §§ 3006A(c), (f).

Defendant was convicted in the Eastern District of Virginia of involuntary manslaughter in 2008 in connection with the death of his wife.  Defendant was sentenced to an eighteen-month prison term to be followed by a three-year term of supervised release.  Defendant now resides in Rhode Island and jurisdiction over his supervised release has been transferred to this District. Defendant has been the subject of two violation petitions – one was withdrawn and one is pending.

Defendant has been represented by Attorney Olin Thompson of the Federal Defender's Office since July of 2009.  Attorney Thompson has appeared before the Court representing Defendant on several occasions over the past year and has been actively engaged with Defendant's Probation Officer regarding Defendant's somewhat complicated situation.  At my request, Attorney Thompson reported that his office has spent roughly fifteen hours on Defendant's case since the initial Court appointment.

At some point after Attorney Thompson's appointment, Defendant received a significant sum of money apparently representing the proceeds of one or more life insurance policies insuring his deceased wife.  Initially, Defendant was holding the check(s) because he was unable to cash or deposit them because he did not have a bank account or adequate identification to open one.  With the assistance of his Probation Officer, those obstacles were resolved and the proceeds are now in a bank account.

At a prior hearing, Defendant was advised that the receipt of such money made him ineligible for court-appointed counsel.  He indicated that he wished to continue with Attorney Thompson even

if required to pay and Attorney Thompson indicated a desire to remain with the case due to his historical knowledge.

Given the nature and stage of this case, the interests of justice dictate that Defendant not be required to hire successor counsel at this late stage.   However, the interests of justice also dictate that Defendant pay the reasonable value for all past and future services received from Attorney Thompson – particularly since Defendant received the money in question as a result of the crime of which he was convicted, i.e., involuntary manslaughter.

Currently, the CJA maximum for payment to Court-appointed counsel is $9,700.00 at a maximum hourly rate of $125.00.   18 U.S.C. § 3006A(d)(2).   Thus, I ORDER that Defendant reimburse the Government at this hourly rate for the past and future services received from Attorney Thompson in this case.[1]

**Conclusion**

For the foregoing reasons, I ORDER that Defendant Ronnie Nelson pay the amount of $1,875.00 to the Clerk as reimbursement for the cost of court-appointed counsel pursuant to 18 U.S.C. § 3006A(f); Local Rule CR 44(a)(3).   Such amount shall be paid by July 31, 2010 and the Clerk shall arrange for such payment to be applied or credited to the Defender Services' Appropriation Fund.   In addition, I ORDER that Defendant pay the amount of $125.00 per hour for all additional services received from Attorney Thompson within thirty days after the resolution of the currently pending violation matter.   At the time of such resolution, Attorney Thompson shall

---

[1] After this present issue is resolved, the Court will likely require Defendant to retain and pay for private counsel for any future violation matters (assuming Defendant is financially ineligible for court-appointed counsel at such future date).

promptly notify Defendant by letter (copied to the Court and Defendant's Probation Officer) of the

additional amounts due and payable pursuant to this ORDER.

SO ORDERED

    /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 22, 2010